UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 23-229 |
| BENJAMIN HOLMES | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant Benjamin Holmes's opposed[1] motion to suppress evidence obtained during a search leading to his arrest.[2] In the alternative, defendant moves for an evidentiary hearing regarding the circumstances of the search.[3] For the following reasons, the Court denies defendant's motion without an evidentiary hearing.

### I. BACKGROUND

On September 16, 2023, police officers arrested defendant Benjamin Holmes on drug and firearm charges following a search pursuant to a warrant. The application for the search warrant stated that police officers responded to a call regarding three subjects with guns at a residence located on the corner of Jefferson Street and Claiborne Street in Bogalusa,

---

[1] R. Doc. 32.
[2] R. Doc. 37.
[3] *Id.*

Louisiana.[4]  Upon arrival, the officers observed a man standing outside the house holding an AR-15 type rifle, who, after seeing the officers begin to approach him, retreated to the residence and returned without his gun.[5] After a brief search, the officers discovered the AR-15 partially hidden under the residence, along with a black grocery bag containing a large amount of illegal narcotics, including fentanyl.[6]  The officers ordered the individuals remaining in the residence outside and observed defendant Benjamin Holmes standing under the carport.[7]

    At this time, Detective Tyler Lindsey submitted an application for a warrant to search the Jefferson Street residence, its curtilage, and the inside of any vehicles present on the property.[8]  The search warrant described Benjamin Holmes as the "main resident" of the house and stated that the "residence ha[d] been the subject of multiple search warrants and investigations into the illegal drug trafficking conducted by Benjamin Holmes."[9]  The presiding judge found probable cause for the search and issued the warrant.[10]  Officers then searched the house and discovered

---

[4]    R. Doc. 32-3 at 2.
[5]    *Id.*
[6]    *Id.*
[7]    *Id.*
[8]    *Id.*
[9]    *Id.* at 4.
[10]   *See* R. Doc. 32-3.

2

firearms, ammunition, narcotics, and drug paraphernalia,[11] as well as an additional gun located "under the carport where Benjamin Holmes had been standing."[12] The police transported Holmes to the Bogalusa City Jail where they submitted an affidavit for probable cause for his arrest.[13]

Holmes now moves to suppress evidence from the search under the Fourth Amendment because officers failed to state who owned the home where the guns and narcotics were found and contending that there was no indication in the search warrant that Mr. Holmes committed a crime.[14] The government opposes the motion.[15] The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

The Fourth Amendment to the United States Constitution provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The Fourth Amendment "requires adherence to judicial processes," and

---

[11]   *See* R. Doc. 32-2.
[12]   *Id.* at 3-6.
[13]   *Id.*
[14]   R. Doc. 32-1 at 2.
[15]   R. Doc. 37.

3

searches conducted without warrants "are per se unreasonable under the Fourth Amendment," unless a recognized exception applies. *Katz v. United States*, 389 U.S. 347, 357 (1967).

As the Fourth Amendment unambiguously states, there must be probable cause to obtain a search warrant. To support a finding of probable cause to issue a search warrant, an affiant must show "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). The affidavit must must demonstrate "a fair probability that contraband or evidence of a crime will be found in a particular place." *Davis v. Hodgkiss*, 11 F.4th 329, 334 (5th Cir. 2021) (citing *United States v. Froman*, 355 F.3d 882, 889 (5th Cir. 2004)).

Probable cause is a fluid concept that takes its substantive content from the particular context in which the standard is being assessed. *Ornelas v. United States,* 517 U.S. 690, 696 (5th Cir. 1996) (citing *Gates*, 462 U.S. at 231). The standard requires a judge to review the facts and circumstances of a case as a whole to make a practical, common-sense determination whether probable cause exists. *Davis*, 11 F.4th at 334 (citation omitted); *see also United States v. Dickey*, 102 F.3d 157, 162 (5th Cir. 1996) ("Probable cause is determined by a consideration of the totality of circumstances test.");

4

*United States v. Peden*, 891 F.2d 514, 518 (5th Cir. 1989) ("[A] magistrate 'is simply to make a practical commonsense decision.'" (citation omitted)).

## III. DISCUSSION

Defendant fails to assert any plausible grounds that law enforcement officials conducted the search of the Jefferson Street residence or his arrest in violation of the Fourth Amendment.

### A. Validity of Search Warrant

Defendant argues that the warrant used to search the house was deficient because it did not state who owned or who resided there and was thus unclear who had an expectation of privacy.[16] This argument fails.

First, defendant bases his argument on a false factual premise. Courts read a search warrant "in conjunction" with the "affidavit supporting the warrant" to resolve any ambiguities that it might contain. *United States v. Scully*, 951 F.3d 656, 666-67 (5th Cir. 2020) (citing *United States v. Haydel*, 649 F.2d 1152, 1156-57 (5th Cir. 1981)). The affidavit for the search warrant explicitly identified defendant Benjamin Holmes as the "main resident" of the Jefferson Street residence, which had already "been the subject of multiple search warrants and investigations into the illegal drug trafficking

---

[16] R. Doc. 32-1 at 3.

conducted by Benjamin Holmes."[17]  Therefore, the deficiency in the search warrant alleged by defendant does not exist.

Second, defendant identifies no authorities requiring a search warrant affidavit to include the identity of the owner or occupant of the premises to be searched.  The Fourth Amendment "requires that a warrant 'particularly describ[e] the place to be searched and the persons or things to be seized.'" *United States v. Perez*, 484 F.3d 735, 741 (5th Cir. 2007) (citing U.S. Const. amend. IV).  But the Fifth Circuit has repeatedly held that a search warrant need not include the name of the owner or occupant to be valid.  *See, e.g.*, *id.* at 741 n.5 (finding a search warrant of defendant's apartment to be valid even though "the search warrant did not include [his] name"); *United States v. Dancy*, 947 F.2d 1232, 1234 (5th Cir. 1991) ("The correct street address in a search warrant, even if no other description is given, is particular enough to withstand constitutional scrutiny."); *Dixon v. United States*, 211 F.2d 547, 549 (5th Cir. 1954) ("It is not essential to the validity of a search warrant that the owner or occupant of the premises be named.").

Here, the application for the warrant adequately describes the offense (drug and firearm violations), the premises to be searched (the "residence blue in color" at 1018 Jefferson Street), and the property to be seized

---

17    R. Doc. 32-3 at 2.

(controlled dangerous substances, records of drug trafficking, firearms, drug paraphernalia, and currency used to finance the trafficking).[18] Therefore, the affidavit identified the premises with sufficient particularity to support the issuance of the warrant. *See Perez*, 484 F.3d at 741.

It is unclear whether defendant challenges the probable cause basis for the search warrant in addition to the particularity of its description of the place to be searched, but if so, the good-faith exception to the exclusionary rule applies. In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court held that the exclusionary rule does not apply to evidence obtained by a police officer pursuant to a warrant, even if the warrant is later held to be invalid, when the officer relies on the warrant in good faith. *See also United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988) ("Issuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." (citing *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). The Court in *Leon* recognized four circumstances in which this good-faith exception does not apply: (1) the affiant to the warrant application intentionally or with reckless disregard for the truth misled the magistrate who issued the warrant, (2) the magistrate abandoned his or her judicial role, (3) the affidavit is patently

---

18    *Id.*

inadequate to show probable cause, or (4) the warrant is so deficient on its face that officers could not presume its validity. *Id.* at 922-23; *see also United States v. Massi*, 761 F.3d 512, 526 (5th Cir. 2014). If the good-faith exception applies, the Court's analysis ends, and it need not reach the question of probable cause. *United States v. Scully*, 951 F.3d 656, 664 (5th Cir. 2020) (citing *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999)).

Defendant does not contend that any of these four circumstances exists. Nor does the Court independently find there to be any patent inadequacies in the affidavit or facial deficiencies in the warrant indicating that the officers did not conduct the search in good faith. Therefore, the good faith exception applies, and the Court need not exclude the evidence from the search.

### C. Probable Cause for Arrest Warrant

Defendant additionally argues that there was no probable cause for his arrest because the search warrant does not suggest he committed a crime.[19] This argument again is based on a false factual premise. Affidavits for both the search warrant and the arrest warrant identify Holmes as the "main resident" of the Jefferson Street residence where officers found firearms and

---

[19] R. Doc. 32-1.

narcotics.[20] The discovery of guns and drugs in a suspect's residence provides sufficient probable cause for arrest. *See, e.g., United States v. Jefferson*, 89 F.4th 494, 503 (5th Cir. 2023) ("After [defendant] admitted he had cocaine and a gun inside the apartment, the police then had probable cause to make the full arrest").

### A. Evidentiary Hearing

Under Rule 41(e), an evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact. *See United States v. Guerra*, 605 F. App'x 295, 298 (5th Cir. 2015) (citing *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983)). Evidentiary hearings therefore are held only when the defendant alleges sufficient facts which, if proven, would justify relief. *Harrelson*, 705 F.2d at 737 (citing *United States v. Smith*, 546 F.2d 1275 (5th Cir. 1977)). "'General or conclusory assertions' are insufficient to warrant a hearing." *United States v. Hinojosa*, 392 F. App'x 260, 261 (2010) (quoting *Harrelson*, 705 F.2d at 737). Defendant fails to allege any facts that would justify relief and warrant the suppression of evidence seized during the search of the Jefferson Street residence. Accordingly, the Court denies defendant's motion to suppress absent an evidentiary hearing.

---

[20]   R. Doc. 32-2.

## CI.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to suppress without an evidentiary hearing.

New Orleans, Louisiana, this __27th__ day of January, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE