UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                                      NO. 23-229

BENJAMIN HOLMES                                   SECTION "R"

## ORDER AND REASONS

Before the Court is the Government's unopposed motion *in limine* to preclude defendant Benjamin Holmes from rearguing suppression issues at trial.[1]  For the following reasons, the motion is granted.

## I.    BACKGROUND

Police officers arrested defendant Benjamin Holmes on September 16, 2023, after discovering firearms and narcotics in a search of 1018 Jefferson Street, Bogalusa, Louisiana.[2]  On October 12, 2023, the Government filed an indictment charging Benjamin Holmes with seven counts for various controlled substance and firearm offenses.[3]  Holmes pled not guilty to the

---

[1]    R. Doc. 49.
[2]    *See* R. Doc. 32-2.
[3]    R. Doc. 1. The government has since filed a superseding indictment charging Benjamin Holmes with five counts: (1) conspiracy to distribute and possess with the intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846; (2) possession with the intent to

charges in the indictment, and his trial is scheduled for March 31, 2025.[4]  On November 18, 2024, Holmes moved to suppress evidence obtained during the search of 1018 Jefferson Street, Bogalusa, Louisiana.[5]  The Court denied defendant's motion.[6]

The Government now moves to preclude the defendant from relitigating at trial his previously filed motion to suppress and any arguments upon which he relied in the motion.[7]  Specifically, the Government provides the Court with a non-exhaustive list of arguments that it seeks to prevent the defendant from making at trial.[8]  Defendant does not oppose the motion.

---

distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a quantity of a mixture and substance containing a detectable amount of oxycodone, and a quantity of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 841(b)(1)(D); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8); and (5) maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a).  R. Doc. 53.

[4]   R. Doc. 44.
[5]   R. Doc. 32.
[6]   R. Doc. 37.
[7]   R. Doc. 49.
[8]   R. Doc. 49-1 at 7.

## II.    DISCUSSION

In denying defendant's motion to suppress, the Court has already determined the propriety of the search, seizure, and arrest occurring on September 16, 2023, and any probative value in rehashing issues previously raised and ruled upon is outweighed by the danger of confusing or misleading the jury, undue delay, and wasting time.  *See* Fed. R. Evid. 403; *see also United States v. Montos*, 421 F.2d 215, 220 (5th Cir. 1970) ("Ordinarily, when a motion to suppress is denied before trial, the legal basis of this denial becomes the law of the case for purposes of the trial, subject to appellate review, and the defendant may not relitigate the suppression issue at trial."); *United States v. Mackey*, 299 F. Supp. 2d 636, 644 (E.D. La. 2004) (holding that a defendant's right to confront witnesses was not violated because he was prevented from cross-examining a witness about "issues previously dealt with and ruled upon" at his suppression hearing); *United States v. Jefferson*, No. 19-174, 2022 WL 1050322, at *1-2 (E.D. La. April 7, 2022) (granting motion *in limine* to prohibit defendant from rearguing suppression hearings at trial because the propriety of the seizure, search, and arrest had already been decided).  Indeed, the legality of the search and seizure, as well as the admissibility of any evidence obtained, are not issues for the jury to decide.  *See United States v. Lang*, 8 F.3d 268, 271 (5th Cir.

1993) (holding that it was improper for the court to submit questions of admissibility to the jury); *United States v. Stuart*, 507 F.3d 391, 395 (6th Cir. 2007) ("As with most evidentiary rulings . . . courts rather than juries must ultimately decide whether a Fourth Amendment claim requires the suppression of evidence." (internal citations omitted)).

The Government's motion *in limine* seeks to prevent the defendant from presenting arguments or examination challenging whether (i) the arresting officers had probable cause to arrest Holmes, (ii) they had probable cause to search 1018 Jefferson Street, or (iii) Detective Lindsey was truthful in his search warrant affidavit.  For the reasons stated above, the Court grants the motion.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion *in limine*.

New Orleans, Louisiana, this   25th   day of March, 2025.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE