UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 23-229 |
| BENJAMIN HOLMES | SECTION "R" |

## ORDER AND REASONS

The Government submitted a notice of intent to use evidence of other crimes, wrongs, or acts in its case-in-chief under Federal Rule of Evidence 404(b).[1] Defendant Benjamin Holmes objects to the use of this evidence.[2] For the following reasons, the Court finds the proffered Rule 404(b) evidence admissible.

### I.   BACKGROUND

Police officers arrested defendant Benjamin Holmes on September 16, 2023, after discovering firearms and narcotics in a search pursuant to a warrant at 1018 Jefferson Street, Bogalusa, Louisiana.[3] On October 12, 2023, the Government filed an indictment charging Benjamin Holmes with seven controlled substance and firearm offenses.[4] Holmes pled not guilty to the

---

[1]   R. Doc. 23.
[2]   R. Doc. 42.
[3]   *See* R. Doc. 32-2.
[4]   R. Doc. 1.

1

charges in the indictment, and his trial is scheduled for March 31, 2025.[5] On November 18, 2024, Holmes moved to suppress evidence obtained during the search of 1018 Jefferson Street, Bogalusa, Louisiana.[6] The Court denied defendant's motion.[7]

The Government filed a superseding indictment charging Benjamin Holmes with five counts: (1) conspiracy to distribute and possess with the intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846 (Count 1); (2) possession with the intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a quantity of a mixture and substance containing a detectable amount of oxycodone, and a quantity of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 841(b)(1)(D) (Count 2); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); (4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 4); and (5) maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a) (Count 5).

---

[5]   R. Doc. 44.
[6]   R. Doc. 32.
[7]   R. Doc. 37.

The Government submitted a notice of intent to use evidence under Federal Rule of Evidence 404(b), identifying the evidence as the execution of a previous search warrant at the 1018 Jefferson Street residence on August 10, 2022, and defendant's subsequent arrest the same day on state drug and firearm charges.[8] The search resulted in the seizure of four fully loaded firearms, 16 grams of marijuana, five grams of cocaine, 1.5 grams of methamphetamine, 3.7 grams of fentanyl, and baggies containing a mixture of oxycodone and promethazine.[9] Holmes was arrested and charged with various state drug and firearm offenses, and these charges are currently pending in the 22nd Judicial District Court of Louisiana.[10] At the pretrial conference, the Government clarified that it intended to use the evidence related to the August 2022 search and defendant's subsequent arrest to prove defendant's knowledge, plan, intent, absence of mistake, and lack of accident for the drug trafficking charges in Counts One, Two, Three, and Five of the superseding indictment, but not for the felon-in-possession charge. Defendant objects to the use of this evidence.[11] The Court considers the notice and defendant's objections below.

---

8   R. Doc. 53 at 3.
9   *Id.*
10  *Id.*
11  R. Doc. 50.

3

## II. LEGAL STANDARD

Federal Rule of Evidence 404(b) provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)-(2). The Rule is "designed to guard against the inherent danger" that the evidence of other bad acts may lead a jury "to convict a defendant not of the charged offense, but instead of an extrinsic offense." *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).

The phrase "crime, wrong, or other act" includes only those acts that are "extrinsic" to the crimes charged in the indictment. *See United States v. Crawley*, 533 F.3d 349, 353–54 (5th Cir. 2008). Evidence intrinsic to the charged offense does not implicate Rule 404(b). *Id.* at 354. "Other act" evidence is intrinsic when: (1) evidence of the other act is "inextricably intertwined" with evidence of the charged offense; (2) the charged offense and the other act are part of the same "criminal episode"; or (3) the other act was a necessary preliminary step toward completing the charged offense. *Id.* Accordingly, before deciding whether Rule 404(b) bars admitting certain evidence, a court must make an initial inquiry into the relationship between the evidence of the other act and the crimes charged in the indictment.

4

If the court determines that the challenged evidence is extrinsic to the charged offense, it must evaluate the admissibility of the proffered evidence under a two-part test. *United States v. Beechum*, 582 F.2d 898, 909-18 (5th Cir. 1978) (en banc); *see also Sumlin*, 489 F.3d at 690. The threshold inquiry is whether there is sufficient evidence to show that the other act "was in fact committed and the defendant in fact committed it." *Beechum*, 582 F.2d 912; *see Sumlin*, 489 F.3d at 691 (5th Cir. 2007) ("[W]e first address the threshold question of whether the government offered sufficient proof that the defendant committed the alleged extrinsic offense."). The standard of proof here is the same as for Rule 104(b), which requires the Court to "examine[] all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988). Then, the court must determine whether the extrinsic evidence is "relevant to an issue other than the defendant's character," such as the defendant's motive, intent, or knowledge. *Beechum*, 582 F.2d at 911. To determine relevance, the Court applies Federal Rule of Evidence 401, which provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The relevance of an extrinsic offense "is a function of its

similarity to the offense charged," and similarity must be determined with respect to the particular issue to which the extrinsic offense is addressed. *Beechum*, 582 F.3d at 911.

Second, if the Court finds that the evidence is relevant to another issue, it must determine if the evidence should be excluded under Federal Rule of Evidence 403. *Id.* Rule 403 permits courts to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In weighing the evidence under Rule 403, the court considers "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (quoting *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013)).

## III. DISCUSSION

The Government contends that evidence of the August 10, 2022 search and defendant's subsequent arrest is extrinsic evidence under Federal Rule

6

of Evidence 404(b) and not intrinsic to the crimes charged.[12] The Court finds the proffered evidence extrinsic because the circumstances occurred a year before the charged offenses, and the crimes were not inextricably intertwined, part of the same criminal episode, or a preliminary step toward the current offenses. The Court also finds that the Government's proposed use of the evidence satisfies the two-part test articulated in *Beechum* for admission under Federal Rule of Evidence 404(b) and is admissible to prove defendant's knowledge, plan, intent, absence of mistake, or lack of accident concerning the drug trafficking charges articulated in Counts One, Two, Three, and Five of the indictment.

### A. Relevance of Rule 404(b) Evidence to an Issue Other than Character

As a predicate to addressing relevance under the first prong of the *Beechum* test, the Court must first address the threshold question of whether the Government offered sufficient proof demonstrating that the defendant committed the alleged extrinsic offense. *United States v. McCarty*, 36 F.3d 1349, 1353 (5th Cir. 1994). In making this determination, the Court will examine "all the evidence in the case" and decide whether "the jury could

---

[12] R. Doc. 32 at 4.

reasonably find the conditional fact" by "a preponderance of the evidence." *Huddleston*, 485 U.S. at 690; Fed. R. Evid. 104(b).

Defendant contends that the Government has failed to offer proof that he committed any offenses on August 10, 2022, because he pled not guilty to those state charges and has not yet been convicted.[13]  This argument is mistaken.  Rule 404(b) "permits evidence of prior bad acts, including uncharged conduct, to be admitted in a criminal trial," regardless of whether those bad acts resulted in a criminal conviction.  *United States v. Guidry*, 456 F.3d 493, 503 (5th Cir. 2006); *see also United States v. Duffaut*, 314 F.3d 203, 206 (5th Cir. 2002) (affirming admission of evidence of 1999 drug arrest although the incident was pending trial).  Defendant concedes that he was arrested after being present at the 1018 Jefferson Street residence on August 10, 2022, when the police executed the search warrant and seized the drugs and guns.[14]  The Government intends to call a Bogalusa police officer who was involved in the execution of both the August 2022 search warrant and the search warrant in this case to testify about the circumstances of the prior search and the arrest of Holmes.[15]  The officer's testimony, along with defendant's admission that he was arrested after being present on the

---

[13]     *Id.*
[14]     R. Doc. 50 at 1.
[15]     R. Doc. 40 at 3.

8

premises when officers found drugs and weapons, is sufficient evidence to support admission under Rule 104(b).

Turning to the relevance of the evidence, the Court finds the evidence relevant to defendant's drug trafficking charges for issues other than character. Defendant's arrest for drug possession is relevant to his intent to participate in the present drug trafficking offenses. "Intent is material" to each of the drug trafficking charges against defendant. *United States v. Moody*, 564 F.3d 754, 764 (5th Cir. 2009) (discussing charges of conspiracy to possess with intent to distribute a controlled substance, possession with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime); *see also United States v. Barnes*, 803 F.3d 209, 216 (5th Cir. 2015) (identifying intent as an element of the offense of maintaining drug-involved premises). By pleading not guilty to these charges and requiring the Government to prove the elements of its case, Holmes makes evidence of his intent relevant. *United States v. McCall*, 553 F.3d 821, 828 (5th Cir. 2008). The Fifth Circuit has repeatedly held that prior drug arrests are relevant to show a defendant's state of mind for present drug charges. *See id.* 564 F.3d at 764 (admitting prior drug arrests to prove intent to commit drug trafficking offenses); *United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003) (admitting testimony that defendant had previously been

9

convicted of possession of controlled substances because "the issue of intent is material to prosecution of drug trafficking offenses[,] [and] that issue was raised by [defendant's] plea of not guilty"); *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002) (admitting testimony that defendant "ran a crack house in Sherman, Texas ten years ago" because it was relevant to prove "his knowledge of and experience with crack cocaine sales in the area and his continuing intent to sell crack cocaine").

Evidence of the search and arrest on August 10, 2022, is also probative of defendant's knowledge, plan, absence of mistake, and lack of accident in committing the present drug trafficking offenses. "[A]bsence of mistake or accident need not be proved by the government unless raised by the defense." *Id.* But Holmes has made clear that he intends to contest his connection to the 1018 Jefferson Street residence where the drugs and firearms were seized and to argue that it was a matter of chance that he was present for the search on September 16, 2023.[16] Evidence that defendant was previously arrested on similar drug and firearm charges at the same location is probative of defendant's ties to the residence, his knowledge of the drugs and firearms it contained, and his knowledge of and plan to continue the drug trafficking activities that were conducted there. *See United States v. Caballero*, No. 23-

---

16    *See* R. Docs. 32 & 50.

50091, 2024 WL 3175453, at *3 (5th Cir. June 25, 2024) (affirming admission of evidence of defendant's involvement in a kidnapping conspiracy to show that defendant knew that the warehouse he delivered furniture to contained drugs). Further, it indicates that his presence at 1018 Jefferson Street on September 16, 2023, was not a mistake or an accident. *See United States v. Cockrell*, 587 F.3d 674, 677-79 (5th Cir. 2009) (affirming admission of evidence of defendant's previous offense that also "involved the use of a telephone" to "conduct narcotics transactions" and "facilitate distribution" to show an absence of mistake and that defendant "had not accidentally been swept up in a heroin distribution scheme"). The Court therefore finds the evidence relevant to show defendant's intent, knowledge, plan, absence of mistake, and lack of accident in relation to his current drug trafficking charges.

### B. Probative Value Outweighs Unfair Prejudice

The probative value of the August 2022 search and arrest is also not substantially outweighed by the danger of unfair prejudice. *Beechum*, 582 F.2d at 913. To determine whether the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, courts consider (1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time

11

separating the two offenses, and (4) limiting instructions. *Smith*, 804 F.3d at 736 (quoting *Kinchen*, 729 F.3d at 473). All four factors weigh in favor of the evidence's admissibility here.

First, the Government's need for the extrinsic evidence is substantial. Defendant does not contest that he was present at 1018 Jefferson Street on September 16, 2023, when the officers discovered the firearms and drugs inside the house, but instead argues that the house is not his, and therefore that he is not responsible for, and had no knowledge of, the drugs and firearms that it contained.[17] The Government must show defendant's intent for the present drug-related offenses. *See Beechum*, 582 F.2d at 914 (recognizing a higher probative value of extrinsic evidence when defendant contests the issue of intent). Evidence of a prior drug offense is "highly probative" of a defendant's knowledge of drug sales and continuing intent. *Peters*, 283 F.3d at 312. Indeed, the Fifth Circuit has consistently held that the probative value of an extrinsic drug offense to show intent outweighs the danger of unfair prejudice. *See, e.g.*, *Moody*, 564 F.3d at 764, *Cockrell*, 587 F.3d at 680, *Peters*, 283 F.3d at 312.

Further, the circumstances of the extrinsic and charged offenses are nearly identical, involving the possession of firearms and drugs, including

---

[17] *See* R. Docs. 32 & 50.

12

fentanyl, oxycodone, and marijuana, at 1018 Jefferson Street.[18] Although the state charged defendant only with possession of controlled substances, and not possession with intent to distribute, "equivalence of the elements of the charged and extrinsic offenses is not required." *Beechum*, 582 F.2d at 915; *see also United States v. Gadison*, 8 F.3d 186, 192 (5th Cir. 1993) ("A prior conviction for possession of cocaine is probative of a defendant's intent when the charge is conspiracy to distribute."). The amount of time separating defendant's arrests on August 10, 2022, and September 16, 2023, is not substantial. *See Cockrell*, 587 F.3d at 680 ("[P]rior conviction in 2000 was temporally proximate to the current offense for which [defendant] was arrested in 2007."). And lastly, the Court will give a limiting instruction, which will minimize any prejudice. All of the foregoing factors therefore support the admission of the extrinsic evidence under Rule 404(b).

## IV.     CONCLUSION

For the foregoing reasons, the Court FINDS that evidence of the August 10, 2022 search of 1018 Jefferson Street and defendant's related state charges is admissible to prove defendant's knowledge, plan, intent, absence

---

18     R. Doc. 40 at 2-3.

of mistake, and lack of accident in connection with the drug trafficking charges in Counts One, Two, Three, and Five of the superseding indictment.

New Orleans, Louisiana, this __26th__ day of March, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE